**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

Order Entered on
January 09, 2009
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Debtor.

BANKRUPTCY NO.

Date of Hearing:
Time of Hearing:
Name of Judge:

**ORDER ON**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through _____ with exhibits, if any, for a total of _____ pages, is granted.  Motion/Application Docket Entry No. _____

//
//
//
//
//
//

DATED: January 08, 2009

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

_____
(Firm name)

By:_____
    Attorney for ☐ Movant ☐ Respondent

**CSD 1001A**

The Court has considered the trustee's emergency motion to approve sale of assets free and clear, employ McCormack Auction Company ("McCormack") as auctioneer, and pay fees and expenses associated with the auction ("Sale Motion") and supporting papers, after such notice and hearing as the Court deems appropriate. The Court has also considered the opposition, if any, to the motion. Based on the record, the Court finds and concludes as follows:

A. The limited notice of the emergency Sale Motion given by the trustee is fair, adequate, and reasonable under the circumstances, given the urgent nature of the relief requested and the modest value of the assets being sold.

B. The proposed sale under 11 U.S.C. § 363(b)(1) of the Office Furniture on the terms set forth in the Sale Motion, wherein McCormack is employed as auctioneer, McCormack's total compensation and costs are fixed at one-third of the gross sale proceeds of the auction ("the Gross"), Bay Park Moving's costs for moving the Office Furniture to the auction site are fixed at one-third of the Gross, and the bankruptcy estate receives the remaining one-third of the Gross, is fair and reasonable and is in the best interests of the estate and its creditors.

C. The only known entity other than the estate with an interest in the Office Furniture, Cowen Healthcare Royalty Partners, L.P., has consented to the sale, subject to the terms set forth below, and thus a sale free and clear of interests is appropriate under 11 U.S.C. § 363(f)(2).

Based on the foregoing findings and conclusions, and the Court being fully advised in the premises, IT IS HEREBY ORDERED as follows:

1. The Sale Motion is granted.
2. The Trustee is authorized under 11 U.S.C. § 327 to employ McCormack as auctioneer for the auction of the Office Furniture.
3. The trustee, through McCormack, is authorized to sell the Office Furniture at auction. The sales at auction shall be free and clear of any interest, including lien or security interest, as authorized by 11 U.S.C. § 363(f), with such liens attaching to the proceeds of such sale to the same extent and priority as existed prior to such sale.
4. McCormack's total compensation and reimbursement of expenses as auctioneer are fixed at one-third of the Gross in the aggregate. The trustee or McCormack, as applicable, may pay to Bay Park Moving without further order one-third of the Gross as full payment for the costs of moving the Office Furniture from the current leased premises at 5880 Pacific Center Boulevard, San Diego, CA, to the auction site and of storing the Office Furniture pending the auction. Payment to Bay Park Moving shall be made upon McCormack's compliance with paragraph four below and not before.
5. Payment to McCormack of the compensation and reimbursement of the expenses authorized by this Order may be made only after McCormack complies with Local Bankruptcy Rule 6005 and notice to creditors is given as required by Local Bankruptcy Rules 2002 and 6005-4.
6. The remaining one-third of the Gross (the "Net") shall be paid to the estate. Although the trustee must account for the Net, she may but need not maintain it in a separate or segregated account. Any interest, including liens and security interests and specifically including the interests asserted by CHRP, in the Office Furniture shall attach to the Net with the same validity, extent, perfection, and priority as existed prior to the sale of the Office Furniture. Any right under section 506(c) of the Bankruptcy Code to surcharge the collateral is preserved, as is the ability of a party in interest to challenge such requested surcharge.
7. The trustee shall serve a copy of this order on McCormack and Bay Park Moving.

*Signed by Judge Laura Stuart Taylor January 08,2009*