**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

Jeffry A. Davis (103299)/ Joseph R. Dunn (238069)
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858-314-1503
Fax: 858-314-1501



Order Entered on
March 20, 2009
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
Artes Medical, Inc.,
fdba Arsis Medical USA, Inc.,
fdba Artes Medical USA, Inc.

Debtor.

BANKRUPTCY NO. 08-12317-LT7

Date of Hearing: March 20, 2009
Time of Hearing: 10:00 a.m.
Name of Judge: Peter W. Bowie

## ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P.

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through 8 with exhibits, if any, for a total of 8 pages, is granted. Motion/Application Docket Entry No. 74.

//
//
//
//
//
//

DATED: March 20, 2009

J

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
(Firm name)

By: /s/ Jeffry A. Davis
Attorney for ☒ Movant ☐ Respondent
Jeffry A. Davis

**CSD 1001A**

American LegalNet, Inc.
www.USCourtForms.com

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P.**

**DEBTOR:  Artes Medical Inc.**                                                                                       **CASE NO. 08-12317-LT7**

Upon the motion of Leslie T. Gladstone, trustee (the "Trustee") for debtor Artes Medical, Inc. ("Artes"), for an order approving the sale of substantially all of Artes's assets outside the ordinary course of business to ARTF Acquisition Corp. ("ARTF") free and clear of liens, clams, encumbrances and interests, the assumption and assignment of certain executory contracts and leases, and granting further related relief (the "Sale Motion"); the Court (a) having (i) reviewed the Sale Motion; (ii) considered all objections to the Sale Motion, whether written or oral, and all other papers filed with the Court relating thereto; and (iii) considered the statements of counsel and other witnesses, if any, on the record with respect to the relief sought in the Sale Motion; and (b) finding that approval of the Sale Motion is in the best interests of Artes, its creditors, and all other parties in interest, the Court, after due deliberation and sufficient cause appearing therefor, does hereby

**FIND AND CONCLUDE AS FOLLOWS:**

       A.    The Court has jurisdiction to consider the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

       B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

       C.    The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 363, 365 and Fed. R. Bankr. P. 2002, 6004 and 6006.

       D.    The Trustee gave adequate, proper and timely notice of the (i) Ex Parte Motion for Order Establishing Bidding and Sale Procedures (the "Procedures Motion"), the Motion to Approve Sale of Assets Free and Clear of Liens, Encumbrances, Claims and Interests and For Assumption and Assignment of Executory Contracts and Leases (the "Sale Motion") and all orders entered in connection therewith and all proceedings to be held thereon and (ii) Assumed Agreements[1] to be assumed and assigned by the Trustee to the Successful Bidder and the amounts required to cure any monetary defaults thereunder as reflected in Artes's books and records.  No further notice is required.

       E.    The sale of the Purchased Assets and assumption and assignment of the Assumed Agreements is in the best interest of Artes, its creditors and interest holders, its estate, and other parties in interest.

       F.    This Court previously entered an order approving the Procedures Motion, as amended (the "Bidding Procedures Order"), pursuant to which the Court approved the Bidding Procedures for the sale of the Purchased Assets.

       G.    Pursuant to the Bidding Procedures Order, the Trustee advertised the Auction on the National Association of Bankruptcy Trustee website and provided notice of the Auction to the list of approximately thirty-two potentially interested parties that Artes's management had previously identified as possible purchasers.  In addition, the Trustee caused the Auction to be advertised in the San Diego Union-Tribune.

       H.    The Trustee has complied with the terms of the Bidding Procedures Order, as it may have been amended.  The only offer received by the Trustee was submitted by ARTF (the "Successful Bidder") for substantially all of Artes's tangible assets and certain intangible assets as described in more detail in the APA (as defined below).  Therefore, ARTF, as the Successful Bidder (as that term is defined in the Bidding Procedures Order) is and should be approved by the Court.[2]

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Sale Motion or in the APA (as defined herein).

[2] All references to the "Successful Bidder" in this Order shall mean and refer to ARTF.

American LegalNet, Inc.
www.USCourtForms.com

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P**.
**DEBTOR: Artes Medical Inc.**                                                              **CASE NO. 08-12317-LT7**

      I.      As demonstrated by the representations of counsel and other evidence proffered or adduced at the hearing on the Sale Motion, the Trustee and its advisors marketed Artes's assets to secure the highest and best offer.  Other than the offer submitted by ARTF, no additional offers for Artes's assets were submitted to the Trustee.  The terms and conditions set forth in the Successful Bidder's offer (as reflected in the Asset Purchase Agreement by and between the Trustee and ARTF (the "APA")), and the transactions contemplated thereby, represent fair, adequate and reasonable terms and conditions, including the amount of the purchase price (which is found to constitute reasonably equivalent value), and constitute the highest or best offer obtainable for the Purchased Assets.  Further, the Auction was duly noticed and a reasonable opportunity was given to any interested party to make a higher and better offer for the assets.  The Trustee provided a full, fair and reasonable opportunity for any person or entity to become a Qualified Bidder (as defined in the Bidding Procedures Order) and for every Qualified Bidder to participate in the Auction and to make a higher or otherwise better offer to purchase the Purchased Assets.

      J.      The terms of the transfer of the Purchased Assets to the Successful Bidder as set forth in the APA are a result of good faith and arm's length negotiations between the parties, and the Trustee has determined in the exercise of her sound business judgment that (i) the Purchased Assets should be sold, and (ii) the consideration to be realized by the Trustee is fair and reasonable under the circumstances and constitutes reasonably equivalent value under the Bankruptcy Code.  Neither the Trustee nor the Successful Bidder have engaged in conduct that would cause or permit the sale or the APA to be avoided under section 363(n) of the Bankruptcy Code.  The Trustee and the Successful Bidder were represented by counsel during such arms length negotiations in connection with the sale of the Purchased Assets.

      K.      The Successful Bidder is not an insider of Artes, as that term is defined in section 101(31) of the Bankruptcy Code.  No insider of Artes, as that term is defined in section 101(31) of the Bankruptcy Code, or the Trustee holds any interest or is otherwise related to the Successful Bidder.

      L.      It is in the best interest of the estate that the sale of the Purchased Assets to the Successful Bidder pursuant to the terms set forth in the APA close as soon as possible and no reason exists for delay in the implementation of this Order**.**

      M.      The Trustee (i) has full corporate power and authority to execute the APA and all other documents contemplated thereby, and to sell the Purchased Assets in accordance with the APA, and to perform all related matters thereto, (ii) has all of the corporate power and authority necessary to consummate the transaction as contemplated by the APA, and (iii) no consents or approvals, other than those expressly provided for in the APA, are required for the Trustee to consummate the transactions contemplated by the APA and related documents.

      N.      All of the Assumed Agreements are "executory" within the meaning of section 365 of the Bankruptcy Code.  Pursuant to section 365(f) of the Bankruptcy Code, the Successful Bidder has established adequate assurance of future performance under the Assumed Agreements and the Successful Bidder is not liable for any claims accrued under such Assumed Agreements for performance due or to be rendered prior to the Closing.

      O.      No party has objected to the sale of the Purchased Assets or the Auction on the grounds of fraud or collusion.

      P.      The Successful Bidder is not a successor in interest to Artes or the Trustee and shall be deemed to be a good faith purchaser entitled to the protections afforded under section 363(m) of the Bankruptcy Code.

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P**.
**DEBTOR: Artes Medical Inc.**                                       **CASE NO. 08-12317-LT7**

Q.   Section 2.1(b) of the APA provides that prior to the Closing Date, the Successful Bidder may exclude from the schedule of Assumed Agreements any executory contract or unexpired lease which it determines it no longer wishes to assume for whatever reason. It is reasonable under the circumstances that the assumption of Assumed Agreements therefore be delayed until the Closing Date.

**IT IS HEREBY ORDERED**

1.   The above findings of fact and conclusions of law are hereby incorporated by reference.

2.   The Sale Motion is granted in its entirety. All objections with respect to the Sale Motion or the entry of this Order, if any, that have not been withdrawn, waived or settled as set forth in this Order or as set forth in the record of the hearing on the Sale Motion before this Court, and all reservations of rights included therein, are overruled on their merits with prejudice and may not be reasserted.

3.   The APA and all of its terms and conditions are authorized and approved under section 363(b) of the Bankruptcy Code. The terms and conditions of the APA shall govern the obligations of Artes and the Trustee with respect to the transfer of the Purchased Assets and the assumption and assignment of the Assumed Agreements and other related transactions contemplated in the APA or related documents.

4.   The Trustee is authorized to (i) execute and deliver those documents necessary to effectuate the Closing and the transfer of title, right, and interest to the Purchased Assets (as defined in the APA) to the Successful Bidder without the need of any further or additional court approval; (ii) take all further actions as may be reasonably requested by the Successful Bidder for the purpose of assigning, transferring, granting, conveying and conferring to the Successful Bidder or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the Trustee's obligations as contemplated by the APA; (iii) comply with and perform in accordance with the terms of the APA; and (iv) assume and assign any and all Assumed Agreements at the Closing Date in accordance with the APA and any orders entered with respect thereto, including this Order.

5.   Upon the completion and occurrence of the Closing, the Purchased Assets, pursuant to sections 105(a) and 363 of the Bankruptcy Code, shall be transferred to the Successful Bidder free and clear of all Claims, Liens, encumbrances or any other interests (whether known or unknown) with such Claims, Liens, encumbrances or interests attaching to the sale proceeds in the order of their priority and with the same validity, force and effect that they now have or may have against the Purchased Assets, in accordance with (a) the terms of this Order, and (b) sections 105, 363(b) and 363(f) of the Bankruptcy Code.

6.   Except for claims that constitute Assumed Liabilities specifically assumed in the APA, all persons and entities holding Liens, Claims, or interests of any kind or nature whatsoever against or in Artes or the Purchased Assets arising under or out of, in connection with, or in any way relating to, Artes, the Trustee, the Purchased Assets, the operation or the maintenance of the Purchased Assets prior to the Closing, or the transfer of the Purchased Assets are forever barred, estopped, and permanently enjoined from (i) asserting such person's or entity's Claims, Liens or interests against the Successful Bidder, its successors or assigns, its property, or the Purchased Assets; and (ii) taking any action that would adversely affect or interfere with the ability of Artes or the Trustee to sell and transfer the Purchased Assets or the Assumed Agreements to the Successful Bidder in accordance with the terms of, and subject to the conditions set forth in, the APA and this Order.

7.   This Order and the APA shall be binding in all respects upon (i) ARTF and its successors and assigns, (ii) all creditors of, and holders of equity interests in, Artes (whether known or unknown)

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Peter W. Bowie March 20,2009*

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P**.
**DEBTOR: Artes Medical Inc.**                                                                                                    **CASE NO. 08-12317-LT7**

and all parties receiving notice of the Sale Motion, (iii) the Trustee, and all agents thereof, (iv) all non-debtor parties to contracts with Artes or the Trustee on behalf of Artes (whether or not assigned or constitute Assumed Agreements), (v) all successors and assigns of Artes, (vi) Artes and its affiliates and subsidiaries; (vii) any subsequent trustees appointed in Artes's Chapter 7 Case under the Bankruptcy Code; (viii) any other person or entity appointed to administer Artes's estates or the estates of Artes's subsidiaries; and (ix) all other parties in interest, and shall not be subject to rejection or unwinding.  Nothing in any order approving the wind down or dismissal of Artes's Chapter 7 Case, or any order entered upon or after the conversion of the Chapter 7 Case to a case under chapter 11 of the Bankruptcy Code shall conflict with or derogate from the provisions of the APA or this Order.

       8.     Nothing contained in this Order or the APA provides for the transfer to the Successful Bidder of any Excluded Assets or Excluded Liabilities (as both terms are defined in the APA).

       9.     If (i) within three months after the Closing Date, the Trustee has not delivered written notice to the Successful Bidder of her intent to pursue the Lemperle Claim (as defined in the APA) or (ii) at any time after delivering such written notice, the Trustee or her successor ceases to pursue the Lemperle Claim prior to obtaining a final non-appealable judgment, settlement or otherwise, then, in either event, the Successful Bidder or its designee shall have the right but not the obligation to obtain the Lemperle Claim from the Trustee for no additional consideration (the "Lemperle Option"), which option shall be exercisable by the Successful Bidder by delivery of a written notice thereof to the Trustee provided, however, that, upon the exercise of the Lemperle Option, (i) the Trustee, Artes or Artes's creditors shall not be entitled to any amounts recovered by the Successful Bidder in any settlement or judgment on account of the Lemperle Claim upon and after the Successful Bidder's exercise of the Lemperle Option, and (ii) the Successful Bidder shall have no obligation whatsoever to pursue the Lemperle Claim at all or to settle such claim in any amount.

      10.    The Successful Bidder shall not be deemed to (a) have merged with or into Artes; (b) be a mere continuation or substantial continuation of Artes or the enterprise of Artes; or (c) a successor of or to Artes or the Trustee for any Claim, Lien or interest against or in Artes or Artes's assets of any kind or nature whatsoever.

      11.    At the Closing (or upon the Successful Bidder's request thereafter), each of Artes's creditors and any other holder of interest whatsoever is authorized and directed to execute such documents and take all other actions as may be necessary to release its interests in the Purchased Assets, if any, as such interests may have been recorded or may otherwise exist.

      12.    The Successful Bidder is, and shall be deemed to be, a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions contemplated in the APA shall not the affect the validity of such transaction (including the transfer of the Purchased Assets or the Assumed Agreements) unless such transactions are duly stayed pending appeal.

      13.    The Trustee is authorized to assume and assign the Assumed Agreements (as defined in the APA) to the Successful Bidder and the Successful Bidder's assumption of such Assumed Agreements is approved.  Artes's estate and the Trustee are relieved of any liability for breach of the Assumed Agreements occurring after such assignment (which shall occur at the Closing). Any provisions in any Assumed Agreement that prohibit or condition the assignment of such Assumed Agreement or allow the party to such Assumed Agreement to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assumed Agreement, constitute unenforceable anti-assignment provisions which are void and of no force and effect.  Any provision in any Assumed Agreement that purports to declare a breach or default as a result of a change of control in respect of Artes is unenforceable and is void and of no force and effect.

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P.**
**DEBTOR: Artes Medical Inc.**                                                                                     **CASE NO. 08-12317-LT7**

14. The assumption and assignment of the Assumed Agreements shall be free and clear of any Claims or other interests of any kind or nature whatsoever and all requirements of 11 U.S.C. § 365(b) are satisfied with respect to the Assumed Agreements. Upon Closing, in accordance with sections of 363 and 365 of the Bankruptcy Code, the Successful Bidder shall have no liability or obligation arising or accruing prior to the date of the Closing with respect to the Assumed Agreements.

15. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Successful Bidder as a result of the assumption or the assignment of the Assumed Agreements.

16. The Assumed Agreements are valid and binding, in full force and effect, and enforceable in accordance with their terms.

17. The counterparties to the Assumed Agreements shall be paid the cure amounts payable in the amounts set forth in the Sale Motion (or schedules or exhibits attached thereto) in accordance with the Bidding Procedures Order, unless otherwise ordered or agreed to by the parties, in accordance with section 365 of the Bankruptcy Code. The cure amounts set forth in the Sale Motion shall be deemed the entire cure obligation due and owing under section 365 of the Bankruptcy Code with respect to any such Assumed Agreement, and, upon payment of such amounts, no other amounts will be owed under the Assumed Agreement with respect to any such cure obligations under section 365 of the Bankruptcy Code.

18. Pursuant to section 365(f) of the Bankruptcy Code, the Successful Bidder has provided adequate assurance of future performance of the obligations under the Assumed Agreements.

19. Subject to the terms of the APA, the Assumed Agreements will remain in full force and effect for the benefit of the Successful Bidder, notwithstanding any (i) provision that prohibits such assignment or transfer (including, but not limited to those described in §§ 365(b)(2) and (f) of the Bankruptcy Code) and (ii) any pre-petition default by Artes under the Assumed Agreements or any other dispute between Artes or the Trustee and a non-debtor party with respect to any Assumed Agreement arising prior to the Closing.

20. The assumption, sale and assignment of the Assumed Agreements by the Trustee to the Successful Bidder shall constitute a legal, valid and effective transfer of Artes's right, title and interest in and to the Assumed Agreements to the Successful Bidder effective as of the Closing Date of the sale of the Purchased Assets to the Successful Bidder.

21. Notwithstanding anything contained herein to the contrary, Artes shall not assume or assign the license agreement between QAD and Artes entered on or about June 2, 2004, without the consent of QAD; provided, however, that (i) if and when QAD consents to such assignment, no further court approval or action will be necessary and (ii) nothing set forth in this paragraph shall change or alter any condition, term or provision of the APA, including the conditions to closing set forth in section 9.1 of the APA.

22. The sale of patents and other intellectual property licensed under the Settlement and License Agreement effective October 31, 2005, between BioForm Medical, Inc., BioForm Medical, Europe, B.V., (collectively with BioForm Medical, Inc., "BioForm) Dr. Martin Lemperle and Artes, as amended by Second License Agreement dated September 21, 2007 (collectively, the "BioForm License Agreement") is subject to (i) BioForm's rights under the BioForm License Agreement (subject to any assumption or rejection of the BioForm License Agreement by the Trustee pursuant to section 365 of the Bankruptcy Code) and (ii) to the extent applicable, BioForm's rights under section 365(n) of the Bankruptcy Code.

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P.**
**DEBTOR:  Artes Medical Inc.**                                                                                           **CASE NO. 08-12317-LT7**

23.     The Successful Bidder has not assumed any debt, claim, obligation or other third-party liability of Artes whatsoever, other than the Assumed Liabilities set forth in the APA, provided that nothing herein waives, limits, discharges or otherwise affects any obligation of the Successful Bidder under any document, instrument or agreement executed pursuant to or in furtherance of the APA, including, without limitation, the Successful Bidder's obligations after the Closing Date under the Assumed Agreements being assumed and assigned to the Successful Bidder in connection with, and subsequent to, the consummation of the transactions contemplated by the APA.

24.     The consideration provided by the Successful Bidder for the Purchased Assets and Assumed Liabilities under the APA is fair and reasonable and the transactions contemplated by the APA (i) may not be avoided under section 363(n) of the Bankruptcy Code and (ii) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of all applicable jurisdictions, including, but not limited to, the laws of California.

25.     This Order is and shall be binding upon and govern the acts of all persons and entities, including without limitation, those persons and entities set forth in clauses (i) through (ix) of paragraph 7 of this Order, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of the office, or contract, to accept, file, register or otherwise file, record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets, and each of the foregoing person and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

26.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded to act to cancel any Liens.

27.     The Successful Bidder shall have the right to withdraw the request to assume and assign any and all of the Assumed Agreements set forth on Schedule 2.1(b) of the APA for whatever reason prior to the Closing Date.  Moreover, the Successful Bidder prior to the Closing may (i) upon written notice to the Seller, remove items from the definitions of Purchased Assets, Excluded Assets, Assumed Liabilities and Excluded Liabilities, and from the Schedules referenced by such definitions and (ii) with the prior agreement of the Seller, add items to the definitions of Purchased Assets, Excluded Assets, Assumed Liabilities and Excluded Liabilities, and to the Schedules referenced by such definitions, and such modified definitions and Schedules shall be incorporated in and made a part of APA as if set forth therein.

28.     This Order is a final order and the stay imposed by Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d) shall not apply to this sale of the Purchased Assets and the assumption and assignment of Assumed Agreements and the Closing may, but is not required to, occur immediately.

29.     All entities who are in possession of some or all of the Purchased Assets on the Closing are directed to surrender possession of the Purchased Assets to the Successful Bidder at Closing or upon request of the Successful Bidder thereafter.

30.     The failure to specifically include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA, and any and all related agreements, documents, instruments and actions, be authorized and approved in their entirety.

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Peter W. Bowie March 20,2009*

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365, AND FRBP 6004, 6006 AND 9019 APPROVING: (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) SETTLEMENT WITH COWEN HEALTHCARE ROYALTY PARTNERS, L.P.**

**DEBTOR:  Artes Medical Inc.** CASE NO. 08-12317-LT7

31.    Nothing herein shall be deemed to prejudice or alter the Trustee's or the Successful Bidder's rights under the APA, including, without limitation, the conditions to closing.

32.    The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on Artes's estate.

33.    This Court retains jurisdiction to implement and effectuate the provisions of this Order, and any subsequent agreement as required to be entered into between the Trustee and the Successful Bidder pursuant to this Order or any other order related thereto.

American LegalNet, Inc.
www.USCourtForms.com

Signed by Judge Peter W. Bowie March 20,2009